# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0113, <u>James Matarozzo d/b/a M&M Cleaning v. New Hampshire Department of Employment Security</u>, the court on May 21, 2018, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, James Matarozzo d/b/a M&M Cleaning (employer), appeals an order of the Superior Court (<u>O'Neill</u>, J.) granting the motion to dismiss his declaratory judgment action, in favor of the respondent, the New Hampshire Department of Employment Security (department), on the basis that it lacked jurisdiction. <u>See</u> RSA 282-A:67, II (2010). He contends that the trial court erred because: (1) he did not receive the notice the department sent and, accordingly, "is entitled to a remedy outside the scope of RSA 282-A," <u>but</u> <u>see</u> RSA 282-A:68 (2010) (stating "judicial review provided by RSA 282-A:67 shall be exclusive of all other methods of judicial review of unemployment compensation decisions" and "[n]o unemployment compensation decision shall be questioned . . . by any court . . . except in accordance with the provisions of this section and RSA 282-A:67"); (2) his remedy was a declaratory judgment, <u>but</u> <u>see</u> <u>id</u>.; (3) it "ignore[d his] general due process rights"; (4) he received one assessment and then a second larger assessment "with no notice of how the assessments had been made, and no explanation for the difference between the two assessments"; and (5) exhausting his administrative remedies would have been "futile" after he missed the deadline for an administrative appeal, <u>but</u> <u>see</u> RSA 282-A:95 (2010) (providing that commissioner may extend the time for filing administrative appeal).

As the appealing party, the employer has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the employer's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the employer has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
